# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

FRED ESGUERRA,

        Petitioner,

  vs.

JOSEPH SCHMIDT,

        Respondent.

Case No. 3:13-cv-00087-TMB

## ORDER TO SHOW CAUSE

On May 24, 2013, Fred Esguerra, representing himself, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.[1] Esguerra challenges the judgment of conviction entered by the Alaska Superior Court in *State of Alaska v. Fred M. Esguerra*, 3PA-01-01172CR.[2] Under Rule 4 of the Rules Governing Section 2254 Cases, the Court must review the petition to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[3] If so, "the judge must dismiss the petition."[4]

---

[1] Docket 1.

[2] *Id.* at 1.

[3] Rules Governing § 2254 Cases in the United States District Courts, Rule 4. *See* 28 U.S.C. § 2243.

[4] *Id.; see also Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("Prisoner pro se pleadings are given the benefit of liberal construction. . . . However, in construing *pro se* petitions liberally, the petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's

To proceed under § 2254, a petitioner must be "in custody."[5] As explained by the United States Supreme Court, "[a]n incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole -- some 'collateral consequence' of the conviction -- must exist if the suit is to be maintained."[6]

Esguerra does not appear to be incarcerated at this time,[7] and he does not state whether he is currently on parole probation,[8] or released on bail.[9]

---

favor") (citations omitted); *Woods v. Carey*, 525 F.3d 886, 898-90 (9th Cir. 2008) (liberally construing pro se petition).

[5] 28 U.S.C. § 2254(a) (Federal courts shall entertain a petition for habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States.").

[6] *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Harrison v. Ollison*, 519 F.3d 952, 955 n. 2 (9th Cir. 2008) (citing, *inter alia*, *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963) (Parole "significantly restrain[s] petitioner's liberty" sufficient to satisfy " 'custody' ... within the meaning of the habeas corpus statute.")).

[7] Docket 1 at 1 (Hudson Correctional Facility's address is crossed out, and a street address in Chugiak, Alaska is handwritten in its place).

[8] *See Chaker v. Crogan,* 428 F.3d 1215, 1219 (9th Cir. 2005), *cert. denied*, 547 U.S. 1128 (2006) ("[A] petitioner is 'in custody' for the purposes of habeas jurisdiction while he remains on probation.") (citations omitted).

[9] *See Hensley v. Municipal Court*, 411 U.S. 345, 349 (1973) ("[A] person released on bail or on his own recognizance may be 'in custody' within the meaning of the statute.")

3:13-cv-00087-TMB, *Esguerra v. Schmidt*
Order to Show Cause
Page 2 of 4
Case 3:13-cv-00087-TMB   Document 5   Filed 06/11/13   Page 2 of 4

Therefore, Esguerra will be allowed to show that he is "in custody." Otherwise, because this requirement is jurisdictional,[10] the Petition must be dismissed.

Based on the above, **IT IS HEREBY ORDERED:**

1. The Attorney General of the State of Alaska is removed as a respondent in this action.[11]

2. Esguerra must file a Response to this Order, on the enclosed form, explaining whether or not he is still "in custody" under federal habeas law. If Esguerra fails to file a Response on or before **July 8, 2013**, this action will be dismissed without further notice.

3. The Clerk of Court will send a form PS07A, Response to Order to Show Cause, to Esguerra with this Order.

4. In the alternative, Esguerra may file the enclosed Notice of Voluntary Dismissal, without prejudice, on or before **July 8, 2013**.

5. The Clerk of Court is directed to send form PS09, Notice of Voluntary Dismissal, to Esguerra with this Order.

7. The Court will take no further action in this case until Esguerra fully complies with this Order.

---

[10] *See Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010) (The "'in custody' requirement is jurisdictional and therefore, 'it is the first question we must consider.'") (citation omitted); *see also Black's Law Dictionary* (9th ed. 2009) (Jurisdiction is "[a] court's power to decide a case or issue a decree.").

[11] The Attorney General is a proper respondent if the petitioner is subject to future custody. *See Belgarde v. State of Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997) (citing 28 U.S.C. foll. § 2254, Rule 2(b)). Esguerra states that he is not subject to future custody. Docket 1 at 2.

3:13-cv-00087-TMB, *Esguerra v. Schmidt*
Order to Show Cause
Page 3 of 4
Case 3:13-cv-00087-TMB   Document 5   Filed 06/11/13   Page 3 of 4

8. The Clerk of Court is directed to send a copy of the District Court's handbook, "Representing Yourself in Alaska's Federal Court," to Esguerra with this Order.

Dated at Anchorage, Alaska this 10th day of June, 2013.

*s/ TIMOTHY M. BURGESS*
United States District Judge

3:13-cv-00087-TMB, *Esguerra v. Schmidt*
Order to Show Cause
Page 4 of 4
Case 3:13-cv-00087-TMB   Document 5   Filed 06/11/13   Page 4 of 4