IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FRED ESGUERRA,<br><br>        Petitioner,<br><br>  vs.<br><br>JOSEPH SCHMIDT,<br><br>        Respondent. | Case No. 3:13-cv-00087-TMB-JDR |

## ORDER DIRECTING SERVICE AND RESPONSE

On May 24, 2013, Fred Esguerra, a self-represented state prisoner currently on parole,[1] filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.[2] Esguerra challenges the judgment of conviction entered by the Alaska Superior Court in *State of Alaska v. Fred M. Esguerra*, 3PA-01-01172CR.[3] He asserts that each ground on which the Petition is based has been raised in the state courts, up through and including the Alaska Supreme Court, as required by § 2254(b).[4]

---

[1] Docket 6.

[2] Docket 1; *see also Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("Prisoner pro se pleadings are given the benefit of liberal construction. . . . However, in construing *pro se* petitions liberally, the petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.") (citations omitted); *Woods v. Carey*, 525 F.3d 886, 898-90 (9th Cir. 2008) (liberally construing pro se petition).

[3] Docket 1 at 1.

[4] *Id*. at 32; *Fred M. Esguerra v. State of Alaska*, A-8395, 2005 WL 19220 (Alaska App. Jan. 5, 2005) (unpublished), S-11815 (pet. for hearing denied, 8/19/05); *Fred M.*

Therefore, under Rules 4, 5 and 8(b) of the Rules Governing § 2254 Proceedings in the United States District Court, **IT IS HEREBY ORDERED**:

1. By agreement with the Court, the Office of Special Prosecutions and Appeals will accept service on behalf of Respondent.[5] The Clerk of Court is directed to serve a copy of the Petition, at Docket 1, and this Order, on:

> Douglas Kossler
> Office of Special Prosecutions and Appeals
> 310 K Street, Suite 308
> Anchorage, Alaska 99501

2. This case is referred to Magistrate Judge Roberts to hear and decide all procedural or discovery motions and other pre-trial matters and to give the Court his Report and Recommendation, pursuant to Local Magistrate Rule 4(3).

3. Esguerra's Motion for Appointment of Counsel, at Docket 3, is GRANTED. Under the Criminal Justice Act (CJA),[6] the Federal Public Defender for the District of Alaska shall designate counsel from the CJA Panel or the Federal Public Defender's office to represent Esguerra in this case. Once designated, appointed counsel will immediately file a notice of appearance. The Clerk of Court will also provide a copy of this Order to the Federal Public Defender.

---

*Esguerra v. State of Alaska*, 3PA-05-01751CI (petition for post-conviction relief, filed 9/13/2005, denied 10/15/10), *Fred M. Esguerra v. State of Alaska* A-10872, 2012 WL 6553888 (Alaska App. Dec. 12, 2012) (unpublished), S-15012 (pet. for hearing denied, 5/23/13).

[5] In this regard, Respondent has waived Federal Habeas Corpus Rule 4 (§ 2254 cases), regarding service.

[6] *See* 18 U.S.C. § 3006A.

4. Counsel for Esguerra shall then review the record, confer with Esguerra, and file an Amended Petition under 28 U.S.C. § 2254 within thirty days of the date of this Order. In the alternative, counsel shall file a notice that no Amended Petition will be filed.[7]

5. The Amended Petition shall include (1) each date that an appeal or post-conviction proceeding was filed in the state courts on behalf of Esguerra that relates to the underlying criminal case; (2) the case number of each proceeding; and (3) the date of every state court decision addressing the claims brought before this Court.

6. The Respondent shall file an answer, motion or other response within thirty days from the date of service of (1) a notice filed by appointed counsel stating that no Amended Petition will be filed; or (2) an Amended Petition filed by appointed counsel. The Respondent shall include a statement as to whether the Respondent asserts that any claim in the Petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or the applicable statute of limitations. If the Respondent asserts that any claim is so barred, the response shall include a memorandum of law in support of that position. The Respondent shall also indicate what transcripts (of pretrial, trial, sentencing or post-conviction proceedings) are available, when they can be furnished, and what proceedings

---

[7] Counsel should note that the proper respondents when a petitioner is on probation or parole are the "probation or parole officer '*and* the official in charge of the parole or probation agency, or the state correctional agency, as appropriate.'" *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citation omitted).

have been recorded but not transcribed. The Respondent shall also file with the Court at that time: (a) the transcript of those proceedings that the Respondent considers relevant; and (b) the opinions and dispositive orders of the Alaska Court of Appeals and Alaska Supreme Court relating to the conviction or the sentence.

7. Unless otherwise ordered, merit briefing shall proceed in accordance with Local Habeas Corpus Rule 8.2. The Petitioner shall file, with his opening brief, any brief that the Petitioner submitted in the state appellate courts contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding. The Respondent shall file with his briefing (1) any brief that the prosecution submitted in a state appellate court relating to the conviction or the sentence, and (2) the opinions and dispositive orders of the state appellate courts relating to the conviction or the sentence.

8. In Habeas Corpus proceedings, the parties are expected to have developed the factual record in state court and resolved all disputed issues of material fact there. Therefore, in most § 2254 cases, proceedings in this Court will be decided on the record from state court.[8] To obtain an evidentiary hearing in federal court, a party must comply with 28 U.S.C. § 2254(e)(2). This Court may hold an evidentiary hearing on its own motion, or on the motion of a party. A

---

[8] *See Cullen v. Pinholster*, 131 S.Ct. 1388 (2011); *Stokley v. Ryan*, 659 F.3d 802, 807-08 (9th Cir. 2011).

motion for an evidentiary hearing must contain a clear and concise statement of (a) the necessity of the hearing, including why the evidence in the record is not sufficient; and (b) why the state court hearing (if any) was not fair or adequate.[9]

9. No party shall have any *ex parte* communication (that is, communication without the presence and/or knowledge and consent of the other parties) with a District Court Judge or Magistrate Judge of this Court about the merits of this action.

Dated at Anchorage, Alaska this 8th day of July, 2013.

*/s/ TIMOTHY M. BURGESS*
United States District Judge

---

[9] *See* D. Ak. HCR 8.1.