Nancy R. Simel
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: nancy.simel@alaska.gov

Attorney for Respondent Joseph Schmidt

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| FRED ESGUERRA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:13-cv-00087-JDR |
| | ) |
| JOSEPH SCHMIDT, | ) <u>ANSWER TO AMMENDED</u> |
| Commissioner, Alaska Dep't of | ) <u>PETITION FOR WRIT OF</u> |
| Corrections, | ) <u>HABEAS CORPUS</u> |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner, Fred Esguerra, filed an amended petition for the writ of habeas corpus seeking to overturn his Alaska convictions and sentence for two counts of first-degree sexual abuse of minor and one count of attempted second-degree sexual abuse of a minor. [Dkt. 12] In response,

pursuant to this court's order [*see* Dkt. 11], respondent is filing this answer.

## I. Factual And Procedural Background

Esguerra was indicted on various charges of sexual abuse of a minor. *See Esguerra v. State*, No. A-8395, 2005 WL 19220, *1 (Alaska App. Jan. 5, 2004) (unpublished).[1] The victims of his sexual abuse were his two daughters, B.E. and C.P. who were approximately ages three years and five years respectively at the time of the abuse. *Id.* at *2.

Prior to trial, Esguerra moved to dismiss the indictment for, among other reasons, pre-accusation delay. *Esguerra*, 2005 WL 19220 at *3. The trial court denied the motion, finding both that Esguerra had failed to show undue delay before the state brought the charges and had failed to allege any actual prejudice. *Id.*

Both of Esguerra's daughters testified at his trial. *Esguerra*, 2005 WL 19220 at *2, 4. B.E. did not remember two of the things she had planned to testify about and had no memory of the sexual abuse. But she did recall talking to a trooper about the two things she had forgotten and that she had told the trooper the truth about them. *Id.* at *4. The trooper testified about her interview with B.E. in which B.E. had relayed the details of the sexual abuse,

---

[1] A copy of this decision is being lodged with the court.

and the trial court admitted the videotape of that interview into evidence, over Esguerra's objection, as a prior inconsistent statement under Alaska Evidence Rule 801(d)(1). *Id.* During trial, Esguerra's attorney requested a continuance so that he could arrange to have Esguerra undergo a psychiatric evaluation. *Id.* at *5. The trial court denied the request. *Id.* At the conclusion of the trial, Esguerra was convicted of two counts of first-degree sexual abuse of a minor on C.P. and one count of attempted first-degree sexual abuse of a minor on B.E. *Id.* at *6. [*See* Exh. 5 to amended petition]

At sentencing, the trial court found that two aggravating factors applied to Esguerra's offenses: (1) he knew or reasonably should have known that the victims of the offense were particularly vulnerable or incapable of resistance due to their extreme youth, *see* AS 12.55.155(c)(5), and (2) he had committed a sexual assault against one or more of his children, *see* AS 12.55.155(c)(18)(A). *Esguerra*, 2005 WL 19220 at *6. Esguerra's counsel had admitted the applicability of both factors. *See Esguerra v. State*, No. A-10872, 2012 WL 6553888, *1 (Alaska App. Dec. 12, 2012) (unpublished).[2] Esguerra received a composite sentence of 12 years with 2 years suspended. [Exh. 5 to amended petition]

---

[2]   A copy of this decision is being lodged with the court.

Esguerra appealed both his convictions and sentence. *Esguerra v. State*, No. A-8395. Esguerra filed his opening brief on August 11, 2003. [Exh. 6 to amended petition] Esguerra's opening brief raised, among other issues, a claim that the charges should have been dismissed due to pre-accusation delay, a claim that the trial court should have granted a continuance so that he could have undergone a psychiatric evaluation, and a claim that the videotape of B.E.'s interview and the trooper's testimony about that interview were inadmissible because her trial testimony and prior statements during the interview purportedly were not truly inconsistent; but Esguerra did not claim that the admission of either B.E.'s testimony or the trooper's testimony violated his right to confrontation. [Exh. 6 to amended petition at 30-37, 41-44, 50-52] After Esguerra filed his opening brief, the United States Supreme Court issued its decision in *Crawford v. Washington*, 541 U.S. 36 (2004), holding that the admission of testimonial hearsay statements of an unavailable witness violates a defendant's right to confront the witnesses against him even when the hearsay statements fall within a firmly rooted exception to the hearsay rule. Approximately nine months after *Crawford* was issued and nearly six months after briefing was completed,[3] Esguerra filed a motion to supplement the

---

[3] A copy of the cover of the reply brief from Esguerra's direct appeal, reflecting that it was filed on May 13, 2004, is being lodged with the court.

briefing so he could raise and brief a confrontation claim based on *Crawford*.[4] The Alaska Court of Appeals denied the motion.[5] *See Esguerra*, 2012 WL 6553888 at *2. The court later affirmed Esguerra's convictions and sentence on direct appeal. *Esguerra*, 2005 WL 19220 at *6. The Alaska Supreme Court denied Esguerra's petition for hearing on August 19, 2005.[6]

Esguerra filed an application for post-conviction relief on September 13, 2005. [Exh. 7 to amended petition] Esguerra's amended post-conviction relief application raised three claims of ineffective assistance of counsel: (1) appellate counsel's motion to supplement the briefing on appeal so that he could raise and argue a *Crawford* claim on Esguerra's behalf was untimely; (2) trial counsel should not have admitted the two aggravating factors; and (3) trial counsel should have interviewed and presented additional witnesses at trial. *See Esguerra*, 2012 WL 6553888 at *1. But Esguerra's post-conviction relief application was not supported by any affidavits from these prospective witnesses. *Id.*

---

[4] A copy of the motion to supplement is being lodged with the court.

[5] A copy of the court's order denying the motion to supplement is being lodged with the court.

[6] A copy of Esguerra's petition for hearing is Corrected Exhibit 6 to the amended petition. [*See* Dkt. 14-1] A copy of the court's order denying Esguerra's petition for hearing is being lodged with the court.

Scott Sterling, who represented Esguerra at trial, at sentencing, and on direct appeal, stated in an affidavit that he could not recall why the motion to supplement the briefing with the *Crawford* claim was filed when it was.[7] Sterling assumed he admitted the aggravating factors, and explained he did so in order to focus on the argument against them being given much weight. Sterling was "much more concerned at sentencing about the actual or potential impact of other factors" – notably Esguerra's behavior during trial, his overall mental stability, his prior criminal history, the gravity of his offenses, and the existence of prior uncharged misconduct toward children. Sterling also stated in his affidavit that either he or his investigator spoke with each of the named prosepective witnesses, and that he had also reviewed the statements these witnesses had given to the police or troopers and any discovery relating to them. Sterling concluded that each of the prospective witnesses "had very negative aspects or implications to their potential testimony, including prior statements against Mr. Esguerra, which implicated Mr. Esguerra in the dealing and consumption of illegal drugs, lewd sexual behavior in front of one of the minor witnesses and assaultive behavior toward one of the minor witnesses." Sterling explained that "for tactical reasons" he "would never have called" any of the prospective witnesses and that "any positive benefit that may have accrued from

---

[7] A copy of Sterling's affidavit is being lodged with the court.

each of those individuals at trial would . . . have been grossly and severely outweighed by the negative consequences of 'opening the door' to impeachment and rebuttal evidence, by the prosecutor, . . . against Mr. Esguerra."

Instead of holding an evidentiary hearing, the superior court granted the state's motion for summary judgment and dismissed Esguerra's post-conviction claims.[8] The superior court determined that Esguerra did not overcome the presumption that Sterling's conduct was competent under *Risher v. State*, 523 P.2d 421 (Alaska 1974). The superior court also determined that Sterling had made a "legitimate" tactical choice to focus on the weight to be accorded to the aggravating factors rather than on their existence, and that this tactical choice was one that would have been made by other competent defense attorneys. The superior court further determined because Esguerra did not submit any affidavits or other evidence to contradict Sterling's assertion that either he or his investigator had contacted all of the named witnesses and knew the substance of their testimony, there were no material facts in dispute. Finally, the superior court determined that Sterling made a "valid" tactical choice not to call these witnesses in light of the information damaging to Esguerra's case that these witnesses would have provided in their testimony.

---

[8] A copy of the superior court's order is being lodged with the court.

The superior court accordingly denied all three of Esguerra's claims.

The Alaska Court of Appeals affirmed. It rejected Esguerra's claim that Sterling should have called the six prospective witnesses because Sterling's affidavit alleged that he or his investigator contacted all of them and found that their testimony would have been damaging to Esguerra's case, and Esguerra had not presented any information that would have contradicted Sterling's allegations. *Esguerra*, 2012 WL 6553888 at *1. The court also pointed out that because Esguerra had not presented any affidavits from the proposed witnesses, the superior court was not in a position to question Sterling's tactical decision that their testimony would have harmed Esguerra's case. *Id.* The court affirmed the superior court's ruling that Sterling had made a reasonable tactical decision to concede the aggravating factors, pointing out there was no evidence in the record that it was an unreasonable tactic. *Id.* The court also affirmed the superior court's ruling that Esguerra had failed to overcome the presumption of competency on the claim that Sterling should have raised the *Crawford* claim more promptly, explaining that since the *Crawford* claim itself had no merit (because B.E. testified at trial), Sterling could not have been ineffective for not raising it earlier. *Id.* at *2.

Esguerra next filed a petition for hearing from this decision with the Alaska Supreme Court. [Exh. 8 to amended petition] In this petition, Esguerra

claimed that (1) a material issue of fact existed as to whether Sterling or his investigator had interviewed the additional potential witnesses and as to what their testimony would have been, making summary disposition of his post-conviction relief application inappropriate, (2) Sterling's statements about his decision to concede the aggravating factors was refuted by his later conduct and his decision was *per se* incompetent, and (3) the court of appeals improperly decided the *Crawford* claim lacked merit. The Alaska Supreme Court denied Esguerra's petition for hearing on April 22, 2013.[9]

## II. Esguerra's Amended Petition

Esguerra filed a petition for writ of habeas corpus on May 24, 2013. [Dkt. 1] After counsel was appointed, Esguerra filed an amended petition. [Dkt. 12] His amended petition appears to raise five claims for relief: (1) there was unreasonable pre-accusation delay in prosecuting Esguerra; (2) the superior court should have ordered a competency exam of Esguerra; (3) ineffective assistance by trial counsel for not investigating and presenting additional defense witnesses at trial; (4) ineffective assistance by trial counsel for admitting two aggravating factors at sentencing; and (5) ineffective assistance by appellate counsel for filing an untimely motion to supplement the briefing with a *Crawford*

---

[9] A copy of the order denying Esguerra's petition for hearing is being lodged with the court.

claim. [Dkt. 12 at 5]

In addition to seeking vacation of his convictions and sentence, Esguerra asks this court to conduct an evidentiary hearing, grant discovery, and allow him to further amend his habeas petition. [Dkt. 12 at 6]

### III. Esguerra's Habeas Petition Is Timely

A petition for habeas corpus must be filed within one year of the conclusion of direct review of the judgment being attacked. *See* 18 U.S.C. § 2244(d). To determine when the state court judgment became final for statute of limitations purposes, the federal court looks to state law to determine when the state's review of a defendant's judgment of conviction is final. *Allen v. Lewis*, 295 F.3d 1046 (9th Cir. 2002); *Bunney v. Mitchell*, 249 F.3d 1188, 1188-89 (9th Cir. 2001). Under the Alaska Rules of Appellate Procedure, an order of the Alaska Supreme Court becomes final the day after a petition for hearing is denied. *See* Alaska R. App. P. 501, 507, and 512(a).

The Alaska Supreme Court completed its direct review of Esguerra's conviction on August 19, 2005, so the order became final the following day. In Esguerra's case, for purposes of § 2244(d)(1) the conclusion of direct review occurred on November 17, 2005, 90 days after the Alaska Supreme Court denied Esguerra's petition for hearing in case no. S-11815. *See* Sup. Ct. R. 13 (a

petitioner has 90 days from the date of entry of a state court decision in which to file a petition for writ of *certiorari*). The one-year statute of limitations began to run on that date. *Clay v. United States*, 537 U.S. 522, 527-29 (2003) (the triggering event – the denial of *certiorari* or the expiration of the time to seek *certiorari* following a direct appeal – is the same for both prisoners seeking habeas review of a federal conviction and prisoners seeking habeas review of a state conviction); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001) (the one-year period of limitation does not include the 90-day period in which the defendant could file a petition for certiorari from the decision of the state's highest court on direct appeal).

Accordingly, unless an exception applies or the one-year period is tolled, the triggering date for the one-year period for filing a habeas petition was November 17, 2005. The one-year period is tolled, however, during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "properly filed" if it is timely filed under the state's laws. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Pace v. DiGueglielmo*, 544 U.S. 408, 410, 413-15 (2005).

Because Esguerra filed a timely application for post-conviction relief in the Alaska Superior Court on September 13, 2005, before the limitations

period had actually begun to run, the time for filing a federal habeas petition was tolled from the triggering date (November 17, 2005) until the Alaska Supreme Court completed its review of the denial of Esguerra's application for post-conviction relief on April 22, 2013. When Esguerra filed his habeas petition on May 24, 2013, only 32 days of untolled time had elapsed. His petition therefore appears to be timely.

### IV. Standards Governing Habeas Cases

#### A. The Exhaustion Requirement

A federal court cannot entertain a habeas petition filed by a person in state custody unless that person demonstrates that he has exhausted state remedies with respect to all of his claims. 28 U.S.C. § 2254(b), (c). In order to satisfy the exhaustion requirement, the state prisoner must show that he has presented all his claims to the highest state court. *See, e.g., Jackson v. Cupp*, 693 F.2d 867, 869 (9th Cir. 1982). If a state provides for direct appeal to an intermediate appellate court and discretionary review with the state's highest court, the habeas petition must seek discretionary review with the state's highest court in order to satisfy the exhaustion requirement. *See, e.g., Jennison v. Goldsmith*, 940 F.2d 1308, 1310 (9th Cir. 1991); *Roberts v. Arave*, 847 F.2d 528, 529 (9th Cir. 1988).

#### B. Burdens Of Proof And The Presumption Of Correctness

Esguerra, as the applicant for habeas relief, must demonstrate either that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the state court's decision was based on factual determinations that were "unreasonable" in light of the evidence presented during the state court proceedings. 28 U.S.C. § 2254(d). Furthermore, under 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct." In addition, "the applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id*. *See also Hernandez v. Small*, 282 F.3d 1132, 1135 n.1 (9th Cir. 2002).

Thus, in reviewing Esguerra's claims, including his claims of ineffective assistance of counsel, this court must accord the presumption of correctness to any factual findings made by either a state trial court or state appellate court. *Moran v. McDaniel*, 80 F.3d 1261, 1268 (9th Cir. 1996). An issue does not lose its factual character because its resolution is dispositive of the ultimate constitutional question. *Cooke v. Solis*, 606 F.3d 1206, 1216 (9th Cir. 2010), overruled on other grounds, *Swarthout v. Cooke*, ___ U.S. ___, 121 S.Ct. 859 (2011). When an issue involves the credibility of witnesses and therefore turns largely on an evaluation of demeanor, there are compelling and

familiar justifications for according the presumption of correctness to the state court's determinations. Even when an issue such as the effectiveness of counsel's assistance involves a mixed question of fact and law, the subsidiary factual findings made by the state court are entitled to the presumption. *See, e.g., Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 788 (2011).

## V. Discussion

### A. Esguerra's Claim Of Pre-Accusation Delay

Respondent admits that Esguerra has exhausted his state remedies with respect to this claim. He raised it in the Alaska Superior Court prior to trial, the Alaska Court of Appeals on direct appeal, and the Alaska Supreme Court in his petition for hearing from the decision on direct appeal.

Respondent denies, however, that the claim has any merit. The Alaska Court of Appeals found as a matter of fact that the only ground on which Esguerra had sought dismissal of the first indictment that would have authorized the trial court to dismiss it with prejudice was pre-indictment delay, but that the trial court "did not dismiss Esguerra's first indictment with prejudice." *Esguerra*, 2005 WL 19220 at *1. The Alaska Court of Appeals then concluded that the trial court was not clearly erroneous in finding that the state had not engaged in any undue delay in bringing the charges approximately five months after it had first received notice of the allegations of sexual abuse and

that the amount of delay "was not remarkable for this kind of case." *Id.* at *3. The Alaska Court of Appeals also concluded that the trial court was not clearly erroneous in finding that Esguerra had not alleged any actual prejudice because the only prejudice he had alleged was the generalized claims of lost witnesses or faded memories that are insufficient to sustain a claim of undue pre-accusation delay. *Id.* The decision of the Alaska Court of Appeals is neither contrary to nor an unreasonable application of any clearly established law by the United States Supreme Court. Nor is it based on any factual determinations that were "unreasonable" in light of the evidence presented during the state court proceedings.

> B. <u>Esguerra's Claim That The Trial Court Should Have Interrupted Trial And Ordered A Competency Exam For Him</u>

Respondent contends that Esguerra's claim that the trial court should have conducted a mid-trial competency evaluation of him is not cognizable on habeas review because it does not assert a violation of a federal constitutional provision. Esguerra's claim consists of a single sentence: "The court should have ordered a competency exam of Mr. Esguerra." That sentence is insufficient to assert a violation of any provision of the United States Constitution. Esguerra's claim therefore is not cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a); *Medellin v. Dretke*, 544 U.S. 660, 664 (2005).

If this court nonetheless concludes that Esguerra has asserted a

cognizable habeas claim, respondent acknowledges that it appears to have been exhausted. Esguerra raised the claim in the Alaska Superior Court, the Alaska Court of Appeals on direct appeal [*see* Exh. 6 to amended petition at 52], and the Alaska Supreme Court in his petition for hearing from the decision on direct appeal.

Respondent denies that the claim has any merit. The Alaska Court of Appeals found as a matter of fact that the trial court "contintually evaluated Esguerra's ability to understand the proceedings against him and to assist his trial counsel." *Esguerra*, 2005 WL 19220 at *5. It held that the record contained nothing to support the conclusion that the trial court erred in concluding that it did not appear that Esguerra was incompetent to proceed. *Id*. The court's factual finding is entitled to the presumption of correctness. Moreover, it is Esguerra's burden to show that the Alaska courts made an unreasonable factual determination based on the evidence already in the record.

> C. <u>Esguerra's Claim Of Ineffective Assistance By Trial Counsel For Not Investigating And Presenting Additional Witnesses</u>

Respondent admits that this claim appears to have been exhausted. Esguerra raised it in the Alaska Superior Court in his post-conviction relief action, in the Alaska Court of Appeals in the appeal of the denial of post-conviction relief, and in his petition for hearing to the Alaska Supreme Court from the decision affirming the denial of post-conviction relief.

Respondent denies that the claim has any merit. The Alaska Court of Appeals found as a matter of fact that trial counsel had investigated the proposed witnesses and had made a tactical decision not to present them because their testimony would have been damaging to Esguerra's case. *Esguerra*, 2012 WL 6553888 at *1. This factual finding is entitled to the presumption of correctness and Esguerra bears the heavy burden of showing that the record establishes it is an unreasonable view of the facts. In addition, because Esguerra had not presented affidavits from any of the proposed witnesses, the court of appeals held that the superior court was correct to conclude that the presumption that trial counsel's tactical decision was competent had not been rebutted. *Id.* This decision does not conflict with any decision by the United States Supreme Court.

> D. Esguerra's Claim Of Ineffective Assistance By Trial Counsel For Admitting Aggravating Factors

Respondent admits that Esguerra has exhausted his state remedies with respect to this claim. He raised it in the Alaska Superior Court in his post-conviction relief action, he raised it to the Alaska Court of Appeals in his appeal from the denial of post-conviction relief, and he raised it in the Alaska Supreme Court in his petition for hearing from the affirmance of the denial of post-conviction relief.

Respondent denies that the claim has any merit. The Alaska Court

of Appeals affirmed the superior court's ruling that the record showed trial counsel had made a reasonable tactical decision to concede the aggravating factors because his affidavit alleged he had made a tactical decision and there was no evidence that it was an unreasonable tactic. *Esguerra*, 2012 WL 6553888 at *1. The factual finding that trial counsel had made a tactical decision not to contest the aggravating factors is entitled to the presumption of correctness and Esguerra bears the heavy burden of showing by clear and convincing evidence that this was an unreasonable view of the evidence. The Alaska Court of Appeals was correct to conclude that the presumption that trial counsel's tactical decision was competent had not been rebutted. *Id.* Because the court's decision was premised on the absence of evidence in the record that trial counsel's tactical decision was anything but competent, the presumption of competency remained unrebutted, the decision does not conflict with any decision by the United States Supreme Court, and Esguerra therefore cannot prevail on this claim.

> E. Esguerra's Claim Of Ineffective Assistance By Appellate Counsel For Not Filing The Motion To Supplement The Briefing With A *Crawford* Claim Sooner

Respondent admits that Esguerra has appeared to have exhausted his state remedies with respect to this claim. He raised it in the Alaska Superior Court in his post-conviction relief action, in the Alaska Court of Appeals in his

appeal from the denial of post-conviction relief, and in the Alaska Supreme Court in his petition for hearing from the decision of the court of appeals.

Respondent denies that Esguerra's claim of ineffective assistance of appellate counsel has any merit. The Alaska Court of Appeals held that Esguerra had failed to overcome the presumption of competency on the claim that appellate counsel should have raised the *Crawford* claim more promptly, explaining that since the *Crawford* claim itself had no merit (because B.E. had testified at trial), appellate counsel could not have been ineffective for not raising it earlier. *Esguerra*, 2012 WL 6553888 at *2. Esguerra cannot show that this decision conflicts with any decision of the United States Supreme Court.

## VI. Requested Forms Of Relief

Because none of the claims alleged by Esguerra have any merit, this court should deny his request to vacate his convictions and sentence, to grant him a new trial, and to discharge him from confinement. Moreover, because Esguerra has not alleged any grounds for holding an evidentiary hearing or for conducting discovery, this court should not grant him those forms of relief. Finally, because Esguerra is represented by counsel and has already filed an amended habeas petition, this court should not allow him to further amend his petition.

DATED November 4, 2013 , at Anchorage, Alaska.

        MICHAEL C. GERAGHTY
        ATTORNEY GENERAL

        s/ Nancy R. Simel
           Assistant Attorney General
           State of Alaska, Dept. of Law
           Office of Special Prosecutions
             and Appeals
        310 K St., Suite 308
        Anchorage, Alaska 99501
        Telephone: (907) 269-6250
        Facsimile: (907) 269-6270
        e-mail: nancy.simel@alaska.gov
        Alaska Bar. No. 8506080

**Certificate of Service**

I certify that on November 4, 2013, a copy of the foregoing answer was served electronically on **Noa Oren.**

    s/ **Nancy R. Simel**