IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| FRED ESGUERRA,<br><br>               Petitioner,<br><br>vs.<br><br>JOSEPH SCHMIDT,<br><br>             Respondent. | Case No. 3:13-cv-00087-TMB-KFM<br><br>**INITIAL REPORT RECOMMENDING DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS**<br>[**Docket Nos. 12, 30**] |

## I.  INTRODUCTION

This matter is before the court on Fred Esguerra's 28 U.S.C. § 2254 petition for writ of habeas corpus.   This report will resolve one preliminary matter, and then will address the merits of Esguerra's petition.   First, the report will reject Joseph Schmidt's (the State Custodian) invitation to disregard Esguerra's merit briefing because *de facto* amendments to his petition violated Fed. R. Civ. P. 15(a)(2).   Then, the report will recommend that Esguerra's petition for writ of habeas corpus be denied.

## II.  PROCEDURAL BACKGROUND

### A.  State Procedural History

Esguerra was convicted following a jury trial in an Alaska Superior Court of two counts of sexual abuse of a minor in the first degree, and one count of attempted sexual abuse of a

minor in the first degree.[1]  The court imposed a composite sentence of twelve years, with two years suspended.[2]  The Alaska Court of Appeals affirmed Esguerra's conviction and sentence in an unpublished opinion, and the Alaska Supreme Court denied his petition for discretionary review in an unpublished order.[3]  Esguerra then filed a post-conviction relief application with the Alaska Superior Court alleging that his trial attorney provided ineffective assistance of counsel.[4]  The Superior Court denied Esguerra's application in an unpublished opinion.[5]  The Alaska Court of Appeals affirmed that denial in an unpublished opinion, and the Alaska Supreme Court denied Esguerra's petition for discretionary review in an unpublished order.[6]

## B.  Federal Procedural History

Esguerra next filed a *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus challenging the lawfulness of his conviction under the federal Constitution.[7]  The court appointed counsel who, pursuant to Fed. R. Civ. P. 15(a)(1), filed Esguerra's first amended petition.[8]  The amended petition presented five claims, which were stated as follows:

- unreasonable pre-accusation delay violated his right to due process;

---

[1]  Docket No. 12-5.

[2]  *Id.*

[3]  *Esguerra v. State*, No. A-8395, 2005 WL 19220 (Alaska Ct. App. Jan. 5, 2005), at Docket No. 16-4; and *Esguerra v. State*, No. S-11815 (Alaska Aug. 19, 2005), at Docket No. 16-5.

[4]  Docket No. 16-6.

[5]  Docket No. 16-8.

[6]  *Esguerra v. State*, No. A-10872, 2012 WL 6553888 (Alaska Ct. App. Dec. 12, 2012), at Docket No. 16-9; and *Esguerra v. State*, No. S-15012 (Alaska May 23, 2013), at Docket No. 16-10.

[7]  Docket No. 1.

[8]  Docket Nos. 7, 12.

- the court should have ordered a competency evaluation;

- failure to adequately explore and present defense witnesses violated the Sixth Amendment;

- failure to object to two aggravating sentencing factors violated the Sixth Amendment; and

- appellate counsel's failure to timely file supplemental briefing on *Crawford v. Washington*[9] violated the Sixth Amendment.[10]

The State Custodian answered Esguerra's first amended petition.[11] He acknowledged that the petition was timely filed, and represented that each claim appeared to be exhausted.[12] He contended that the competency claim did not allege a violation of the federal Constitution.[13] Lastly, he asserted that all of the claims lacked merit because Esguerra failed to demonstrate that various adverse state court factual findings were clearly erroneous or that federal claims resolved by the state court (1) were contrary to, or an unreasonable application of, clearly established federal law; or (2) otherwise amounted to an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[14]

When Esguerra filed his merit brief to support his petition, he briefed only two claims, the competency claim and one of the Sixth Amendment claims. The competency claim was reformulated as a federal due process claim, and the Sixth Amendment claim was expanded

---

[9] 541 U.S. 36 (2004).

[10] Docket No. 12 at 5.

[11] Docket No. 15.

[12] *Id.* at 10-12, 14-19.

[13] *Id.* at 15-16.

[14] *Id.* at 14-19.

to include alleged deficiencies by Esguerra's state post-conviction relief counsel (the expanded Sixth Amendment claim).[15]

No party requested oral argument, and the court has determined that further argument is unnecessary.

### III. PROCEDURAL MATTER

At the outset, the State Custodian presents a procedural issue that must be resolved. He contends that Esguerra's claims in his merit brief should be ignored because he improperly amended his petition a second time, in violation of Fed. R. Civ. P. 15(a)(1).[16]  For the reasons set forth below, this court will allow the *de facto* second amendment to Esguerra's petition because the State Custodian has not been prejudiced by the amendment to the competency claim or by the expanded Sixth Amendment claim.

Federal Rule of Civil Procedure 15 applies to § 2254 habeas actions.[17]  This rule allows a petitioner to amend a habeas petition once as a matter of course.[18]  Second or subsequent amendments require either the court's permission or the opposing party's consent.[19]  The state custodian asks the court to disregard the two claims asserted in petitioner's merit brief because the claims as reformulated amount to a *de facto* second amended petition that violates Fed. R. Civ.

---

[15]  Docket No. 30.

[16]  Docket No. 35 at 13-14.

[17]  *Calderon v. U.S. Dist. Court for the N. Dist. of California*, 134 F.3d 981, 986 n.6 (9th Cir. 1998), *abrogated on other grounds recognized in Jackson v. Roe*, 425 F.3d 654 (9th Cir. 2005).

[18]  Fed. R. Civ. P. 15(a)(1).

[19]  Fed. R. Civ. P. 15(a)(2).

P. 15(a)(2).[20]   Esguerra counters that he "has not altered the nature of his claims," and that his "merit briefing is merely more detailed than his amended petition."[21]

## A.    The Amended Competency Claim

As the State Custodian correctly pointed out in his answer to Esguerra's competency claim, alleging that a state court should have ordered a competency hearing fails to state a cognizable federal claim.[22]   A review of Esguerra's merit briefing demonstrates that he does more than merely offer additional detail about to his competency claim.   Instead, for the first time, he links his competency claim to the federal due process clause.   Under these circumstances, Esguerra's merit briefing amended his competency claim without either leave from the court or consent of the State Custodian, in violation of Fed. R. Civ. P. 15(a)(2).

## B.    The Amended Sixth Amendment Claim

Similarly, Esguerra's initial Sixth Amendment claim related to the investigation and presentation of defense witnesses by Esguerra's trial attorney.   Again, Esguerra's merit briefing does more than provide additional detail.   Instead, he expanded this claim to encompass alleged deficient conduct by his state post-conviction relief attorney.   Esguerra's trial attorney had asserted strategic reasons for not presenting six witnesses on Esguerra's behalf.   Esguerra's expanded Sixth Amendment claim alleges that his state post-conviction relief attorney's efforts also were deficient because that attorney failed to effectively develop the record necessary to contradict the trial attorney's strategic explanation.   Under these circumstances, Esguerra

---

[20]   Docket No. 35 at 13-15.

[21]   Docket No. 37 at 10.

[22]   Docket No. 15 at 15.

amended his Sixth Amendment claim without either leave from the court or the consent of the State Custodian, in violation of Fed. R. Civ. P. 15(a)(2).

## C.   No Prejudice to the State Custodian

Despite Esguerra's violation of Fed. R. Civ. P. 15, the State Custodian has not established prejudice to its case, or bad faith by Esguerra.   First, the State Custodian already has submitted detailed responses to the merits of Esguerra's amended competency claim, and to the merits of his expanded Sixth Amendment claim.[23]   Second, there is no evidence that Esguerra delayed his amendments in bad faith, or to achieve some unfair strategic advantage.   Finally, the amended claims focus precisely on the federal constitutional defects he alleges infect his conviction.

Federal Rule of Civil Procedure 15(a)(2) directs the court to "grant leave to amend freely when justice so requires."   Absent bad faith, courts are encouraged to liberally grant leave to amend where the amendment enables the party to state a cognizable claim.[24]   Finally, and perhaps most importantly, there is a preference to resolve contested issues on the merits.

> We have held that leave to amend, although within the discretion of the trial court, "should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings."[25]

The court will allow the amended competency claim and the expanded Sixth Amendment claim to go forward because (1) the State Custodian is not prejudiced, (2) Esguerra

---

[23]   Docket No. 35.

[24]   *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

[25]   *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (quoting *James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001)).

did not amend his competency claim or expand his Sixth Amendment claim in bad faith or to gain an unfair strategic advantage, and (3) contested claims ordinarily should be resolved on the merits.[26]

## IV. STANDARD OF REVIEW FOR HABEAS CORPUS RELIEF

To obtain federal relief, a state habeas petitioner must allege a federal constitutional violation and demonstrate that he or she has exhausted state court remedies by fairly presenting that federal claim to the state court.[27] A claim is procedurally defaulted when the petitioner has failed to exhaust his or her state court remedies and he or she is procedurally barred from returning to state court.[28] A procedurally defaulted claim only can be reviewed federally if the petitioner can show cause for the default and actual prejudice from the federal constitutional violation.[29]

---

[26] The same cannot be said for Esguerra's un-briefed claims. Petitioner has the burden of showing that the state court's adjudication was contrary to, or an unreasonable application of, established Supreme Court precedent. *Silvia v. Woodford,* 279 F.3d 825, 835 (9th Cir. 2002), *cert. denied* 537 U.S. 942 (2002) (petitioner bears burden of proving his claims). Additionally, failure to brief a substantive habeas claim by a represented petitioner constitutes a waiver of that substantive claim. *Cf. Cook v. Schriro,* 538 F.3d 1000, 1014 n.5 (9th Cir. 2008) (habeas claims not briefed on appeal are deemed abandoned). Even so, this court has independently evaluated Esguerra's three un-briefed claims, and has determined to recommend that they cannot be the basis for relief under 28 U.S.C. § 2254. First, the state court found that Esguerra was not prejudiced by the five-month delay between the report of sexual abuse and the return of an indictment. *See* Docket No. 16-4 at 3. Second, the state court ruled that trial counsel's decision to concede two aggravating factors at sentencing was a reasonable tactical choice. *See* Docket Nos. 16-8 at 13, 16-9 at 2. Finally, the state court concluded that Esguerra was not prejudiced by the failure to timely file supplemental briefing on *Crawford v. Washington,* 541 U.S. 36 (2003), because B.E. testified and *Crawford* does not apply where the out-of-court declarant appears for cross-examination at trial. *See* Docket No. 16-9 at 2-3. Esguerra has failed to demonstrate that these findings were (1) contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

[27] *Duncan v. Henry,* 513 U.S. 364, 365 (1995).

[28] *Woodford v. Ngo,* 548 U.S. 81, 92-93 (2006).

[29] *Detrich v. Ryan,* 740 F.3d 1237, 1242 (9th Cir. 2013) (en banc).

Esguerra's 28 U.S.C. § 2254 petition is subject to the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because he filed it after April 24, 1996.[30] The threshold for relief under AEDPA is high. Under AEDPA, state court factual findings must be presumed to be correct unless clear and convincing evidence demonstrates otherwise.[31] Federal courts generally are limited in their ability to grant habeas relief post-AEDPA on claims previously adjudicated on the merits in state court proceedings. As to these claims, federal habeas relief is restricted to (1) decisions that are contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent; or (2) decisions resulting from an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[32]

## V.  THE COMPETENCY CLAIM

Esguerra first contends that Alaska obtained his conviction in violation of the federal due process clause because the trial court failed to order a mid-trial competency examination.[33] This claim must be denied because it is procedurally defaulted. Even if the competency claim were not procedurally defaulted, it would fail because the Alaska Court of Appeals determined that the trial court properly concluded that Esguerra was at all times competent to proceed.[34] This court must presume this factual finding to be correct absent clear and

---

[30] Pub. L. 104-132, 110 Stat. 1214 (1996).  *See also* *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

[31] 28 U.S.C. § 2254(e)(1).

[32] *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011); 28 U.S.C. § 2254(d).

[33] Docket No. 30 at 7.

[34] Docket No. 16-4 at 6 (2005 WL 19220 (Alaska Ct. App. Jan. 5, 2005)).

convincing evidence to the contrary.[35]   Nowhere does Esguerra explain why this finding should be set aside under 28 U.S.C. § 2254(d).

## A.      Procedural Default

A petitioner seeking federal relief from a state court judgment must demonstrate that he or she has exhausted available state court remedies.[36]   To satisfy the exhaustion doctrine, the petitioner must fairly present his or her claims to the state courts so that the state has the "opportunity to pass upon and correct the alleged violations of its prisoner's federal rights."[37]   To satisfy the "fairly present" requirement, the petitioner actually must present his or her federal claim to "each appropriate court (including a state supreme court with powers of discretionary review)" so that the each court is alerted to the federal nature of the claim.[38]   When a federal claim has not been fairly presented to all levels of the state court, and where state procedural rules now bar consideration of the claim, it technically is exhausted.[39]   However, in such an instance, it will be deemed procedurally defaulted unless the petitioner can show cause for his failure to exhaust remedies and prejudice from the purported constitutional violation.[40]

In the present case, Esguerra arguably presented his federal due process competency claim to the Alaska Court of Appeals.[41]   His brief to that court asserted the trial judge

---

[35]   28 U.S.C. § 2254(e)(1).

[36]   *Picard v. Connor*, 404 U.S. 270, 275 (1971).

[37]   *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curium).

[38]   *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

[39]   *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011).

[40]   *Id.*

[41]   *But see Shumway v. Payne*, 223 F.3d 982, 998 (9th Cir. 2000) (for purposes of satisfying federal habeas statute's exhaustion requirement, it is not enough to make a general appeal to a constitutional

improperly interpreted and applied ALASKA STAT. § 12.47.100. That statute says "the court shall" order a competency hearing when defense counsel represents there is reasonable cause to believe the accused is incompetent.[42] Citing only *Schade v. State*,[43] the brief then cursorily asserted that the court's failure to comply with the statute "created the potential that Esguerra was convicted and sentenced in violation not only of [ALASKA STAT. § 12.47.100], but also the due process clauses of both the Alaska and United States Constitutions."[44] But, then, Esguerra made no reference to his federal due process competency claim in his petition for discretionary review to the Alaska Supreme Court. Instead, that brief focused exclusively on the statutory challenge.[45] The absence of any reference to the federal due process clause in Esguerra's petition for discretionary review is fatal to his due process competency claim.[46]

Esguerra disagrees and asserts that the competency claim has not been procedurally defaulted because the threshold standard for ordering a competency evaluation under ALASKA STAT. § 12.47.100 is similar to the due process threshold standard endorsed by the Supreme Court in *Dusky United States*[47] and *Drope v. Missouri*.[48] Thus, Esguerra's argument continues, "[w]hen

---

guarantee as broad as due process to present the substance of such a claim to the state court) (citing *Grey v. Netherland*, 518 U.S. 152, 162-63 (1996)).

[42] Docket No. 12-6 at 69.

[43] 512 P.2d 907 (Alaska 1973).

[44] Docket No. 12-6 at 52.

[45] *Id.*

[46] *Baldwin*, 541 U.S. at 32.

[47] 362 U.S. 402 (1960).

[48] 420 U.S. 162 (1975).

a petition alerts a state court to a state statute that essentially is identical to a federal constitutional standard, that should be sufficient to alert the state and federal courts that a federal constitutional issue is raised."[49]

But, as discussed in the standard of review section above, and as the cases Esguerra relies on demonstrate, that is not the law.[50]  To exhaust remedies, it is not enough to reference a similar standard in state court proceedings.

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.[51]

Where a claim is exhausted because time for state court review has expired, the claim is procedurally defaulted.  Esguerra's federal due process competency claim technically is exhausted because the time for state court review has long since expired.  Because he cannot return to state court to address this claim, the law requires the court to find Esguerra's federal due process competency claim procedurally defaulted.

**B.     The State Court Adjudication of the Competency Claim Fully Conformed to 28 U.S.C. § 2254(d)**

Even if Esguerra's competency claim were not procedurally defaulted, he has failed to demonstrate error in the state court competency findings.  He correctly observes that the

---

[49]  Docket No. 37 at 6.

[50]  *See,* e.g., *Peterson v. Lambert*, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc) (reference to Oregon right to counsel that is "virtually identical" to the Sixth Amendment right to counsel not sufficient to avoid procedural default where defendant represented by counsel in state court proceedings).

[51]  *Duncan,* 513 U.S. at 365-66.

conviction of an accused person who legally is incompetent violates due process.[52]   He properly notes that the trial judge has a continuing duty to ensure that a defendant's trial does not continue if his "mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense[.]"[53] He accurately states that a trial judge must interrupt proceedings and order a competency hearing whenever he or she has a *bona fide* doubt about a defendant's continued competency.[54]   Finally, he appropriately points out that a *bona fide* doubt exists when "a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial."[55]

Esguerra then attempts to bolster his federal competency claim with selected pages from the trial transcript which reflect statements he made in front of the jury.[56]   For example, he expressed dissatisfaction with his counsel; he claimed that the prosecutor coached a witness; he suggested one of the court's ruling was "crooked;" he told one of the witnesses that he loved her "with all his heart;" and he accused another witness of lying.[57]   The twelve selected pages, out of a trial transcript that runs approximately 800 pages, reflect comments that fairly can be characterized as unsolicited, unwise, and unhelpful.

---

[52]   *Pate v. Robinson*, 383 U.S. 375, 378 (1966).

[53]   *Drope*, 420 U.S. at 171.

[54]   *Maxwell v. Roe*, 606 F.3d 561, 568 (9th Cir. 2010).

[55]   *Id.* (quoting *De Kaplany v. Enomoto*, 540 F.2d 975, 983 (9th Cir. 1976) (en banc)).

[56]   Docket 30-1.

[57]   *Id.*

But, they do not advance his federal competency claim. The Alaska Court of Appeals found that "[t]he record demonstrates that [the state court trial judge] continually evaluated Esguerra's ability to understand the proceedings against him and to assist his trial counsel" and properly determined that there was no need for a competency evaluation.[58] This represents a finding of fact.[59] This court must presume this finding to be correct absent clear and convincing evidence to the contrary.[60] Esguerra offers no such showing and nowhere does he explain why the state court determination that follows this finding is contrary to, or an unreasonable application of, clearly established Supreme Court precedent, or was a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court.[61]

For all these reasons, Esguerra's due process competency claim must be rejected.

## VI.   THE SIXTH AMENDMENT CLAIM

Esguerra next contends that his trial counsel violated the Sixth Amendment by not conducting an adequate investigation into the testimony of six defense witnesses.[62] Esguerra expands his Sixth Amendment claim in his merit briefing to include alleged deficiencies by his state post-conviction relief attorney.[63] The Sixth Amendment claim, as well as the expanded Sixth Amendment claim, must be denied because (1) Esguerra has not demonstrated that the state

---

[58]   Docket No. 16-4 at 6 (2005 WL 19220 (Alaska App. January 5, 2005)).

[59]   *Maxwell*, 606 F.3d at 567 (9th Cir. 2010).

[60]   28 U.S.C. § 2254(e)(1).

[61]   28 U.S.C. § 2254(d).

[62]   Docket No. 12 at 4.

[63]   Docket No. 30 at 8.

court Sixth Amendment determination violates 28 U.S.C. § 2254(d); and (2) Esguerra's expanded Sixth Amendment claim is not exhausted and, in any event, is not substantial.

## A.    The Standard for Sixth Amendment Violations

To establish a Sixth Amendment right to counsel violation, the petitioner must demonstrate deficient performance and actual prejudice.[64]  Deficient performance requires a showing that the attorney's performance fell below an objective standard of reasonableness as measured by prevailing professional norms.[65]  In this context, courts must apply a strong presumption that the attorney's representation was within the wide range of reasonable professional assistance.[66]  Even in those cases where the attorney's performance was deficient, relief is only available where the result would have been different but for the attorney's deficiencies.[67]

Finally, the AEDPA places very strict limitations on a federal court's power to grant a state prisoner's habeas petition.[68]  First, review of a state court's application of the *Strickland* standard must be "doubly deferential" because the petitioner also must show that the state court ruling was an objectively unreasonable application of *Strickland.*[69]  Second, when a state court has adjudicated a federal claim on the merits, a federal court can grant relief only if the adjudication

---

[64]    *Hurles v. Ryan*, 752 F.3d 768, 778 (9th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

[65]    *Id.* (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)).

[66]    *Harrington*, 131 S. Ct. at 787.

[67]    *Strickland*, 466 U.S. at 694.

[68]    *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

[69]    28 U.S.C. § 2254(d)(1); *Hedlund v. Ryan*, 750 F.3d 793, 809 (9th Cir. 2014).

of that claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[70]

## B.    Esguerra's Sixth Amendment Claim

In state court, Esguerra identified six witness his attorney failed to investigate, and briefly explained why their testimony would have been helpful.   They were:

- alibi witness Sam Mudge;

- alibi witness Kenny Lucas;

- alibi witness Dan Smith;

- character witness Day Smith;

- fact witness Jordan Esguerra; and

- fact witness Zachary Esguerra.[71]

In response, Esguerra's attorney submitted a sworn affidavit indicating that he directed an investigator to interview these witnesses, that he reviewed their potential testimony with Esguerra, and that he determined that they would not be helpful.  He explained that the witnesses were not helpful because they implicated Esguerra in dealing illegal drugs, consuming illegal drugs, or in lewd behavior towards one of the minor witnesses.[72]  He averred that "for

---

[70]    28 U.S.C. § 2254(d).

[71]    Docket No. 35-5 at 5.

[72]    Docket No. 35-5 at 3, ¶ 6.

tactical reasons, [he] would never have called Sam Mudge, Kenny Lucas, Dan Smith, Day Smith, Jordan Esguerra, and Zachary Esguerra as witnesses for Mr. Esguerra."[73]

The Alaska Court of Appeals held that "[w]hen counsel makes a tactical decision, that decision will be subject to challenge only if the defendant can prove that the tactic was unreasonable — that it was a tactic no competent attorney would have used."[74]  The court then noted that Esguerra offered nothing from the six witnesses to contradict the trial attorney's tactical explanation.  Under these circumstances, the state court determined that there was no basis to question the trial attorney's tactical rejection of the six witnesses.

Esguerra makes no effort to argue that this state court determination was contrary to clearly established Supreme Court precedent, or an unreasonable determination of the facts in light of the evidence presented to the state court.  Under these circumstances, Esguerra's Sixth Amendment claim must be denied.

## C.    Esguerra's Expanded Sixth Amendment Claim

### 1.    The expanded Sixth Amendment claim remains unexhausted

Perhaps recognizing that his Sixth Amendment claim could not succeed under AEDPA, Esguerra expanded it to encompass alleged deficiencies by his post-conviction relief counsel.   In particular, he now contends that his post-conviction relief attorney violated the Sixth Amendment by failing to develop the record necessary to contradict his trial attorney's strategic explanation for not presenting the six witnesses.   This expanded Sixth Amendment claim must be

---

[73]   Docket No. 35-5 at 3-4, ¶ 8.

[74]   *Esguerra v. State*, No. A-10872, 2012 WL 6553888, at *2 (Alaska Ct. App. Dec. 12, 2012), at Docket No. 16-9 at 2.

denied because Esguerra has failed to exhaust state court remedies as they relate to these alleged deficiencies.[75]

To prevail in federal court, a state habeas prisoner must demonstrate the he or she has exhausted state court remedies.[76] Alaska allows state prisoners to challenge the constitutional effectiveness of a first post-conviction relief attorney in a second state post-conviction relief application.[77] The state court addressing such an application has discretion to appoint counsel on the second application if the court concludes that an attorney's assistance is needed for a fair and meaningful litigation of the defendant's claim.[78]

The Alaska Supreme Court denied Esguerra's petition for discretionary review challenging the constitutional effectiveness of his trial counsel on May 23, 2013.[79] Rather than file the state-authorized second post-conviction relief application to address the deficiencies of his post-conviction relief counsel, Esguerra immediately filed his petition for writ of habeas corpus with this court on May 24, 2013.[80] Indeed, Esguerra did not file his second post-conviction relief application with the Alaska Superior Court to address the alleged deficient conduct of his first post-conviction relief attorney until after the one year statute of limitations proscribed in 28 U.S.C.

---

[75] This court earlier denied Esguerra's motion to stay and hold his petition in abeyance because he failed to establish good cause for his failure to exhaust remedies. *See* Docket No. 52.

[76] *Picard*, 404 U.S. at 275.

[77] *Grinols v. State*, 74 P.3d 889, 896 (Alaska 2003), *affirming Grinols v. State*, 10 P.3d 600, 618 (Alaska Ct. App. 2000).

[78] *Grinols*, 10 P.3d at 618.

[79] Docket No. 16-10.

[80] Docket No. 1.

§ 2244(d) expired.[81]   Under these circumstances, Esguerra has not exhausted state court remedies as they relate to the alleged deficiencies of his first state post-conviction relief attorney.   For this reason, his expanded Sixth Amendment claim must be rejected.

### 2.   Esguerra's expanded Sixth Amendment claim is not substantial

There is no Sixth Amendment right to counsel in connection with state post-conviction relief matters.[82]   Alaska requires state prisoners to bring Sixth Amendment claims against trial counsel in post-conviction relief proceedings.[83]   In this situation, there is a risk that a deficiently performing post-conviction relief attorney will fail to adequately perfect and exhaust an otherwise valid Sixth Amendment claim in state post-conviction relief matters.   The Supreme Court recognized this risk in *Martinez v. Ryan*.[84]   There, the court determined that inadequate assistance of counsel at an initial post-conviction review proceeding may establish cause and prejudice for a prisoner's procedural default of a claim of ineffective assistance of counsel at trial. In such an instance, the court will excuse the procedural default and reach the merits of the Sixth Amendment claim if the petitioner can demonstrate that the claim is substantial.[85]   A claim is substantial if reasonable jurists could debate whether the Sixth Amendment claim should have been resolved differently.[86]

---

[81]   Docket No. 39 at 5.   *See also* Application for Post-Conviction Relief, *Esguerra v. State*, No. 3PA-14-01755 CI (Alaska Super. Ct. May 28, 2014).

[82]   *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

[83]   *Weatherhorn v. Alaska Psychiatric Inst.*, 156 P.3d 371, 384 (Alaska 2007); *Barry v. State*, 675 P.2d 1292, 1296 (Alaska Ct. App. 1984).

[84]   132 S. Ct. 1309, 1315 (2012).

[85]   *Id.* at 1318.

[86]   *Id.* at 1318 (citing *Miller-El v. Cockrell*, 537 U.S. 322 (2003) (describing the standards for

Esguerra asserts that his post-conviction relief attorney failed to perfect and exhaust his Sixth Amendment claim against his trial attorney and implies that this procedural default should be excused. This claim rests exclusively on the testimony of Kenneth Lucas in an affidavit executed twelve years after Esguerra's conviction.[87] Lucas avers in a one page, four paragraph affidavit that:

- He knew Mr. Esguerra when the state case happened;

- He saw Mr. Esguerra with his family on several occasions;

- To his knowledge, Mr. Esguerra was a good parent to his children; and

- He does not remember being contacted by any of Mr. Esguerra's lawyers.[88]

Esguerra says this affidavit demonstrates that his post-conviction relief attorney was constitutionally deficient and implies that the underlying Sixth Amendment claim is substantial. But, on this record, the court concludes that reasonable jurists would unanimously agree that Esguerra's Sixth Amendment claim is not substantial.

Here is why.

First, the State Custodian has demonstrated that Lucas is unreliable, having been convicted of a crime involving dishonesty less than two years before executing the affidavit.[89]

_____

issuance of certificates of appealability)).

[87]  Of the five other witnesses identified in state court post-conviction relief proceedings, Esguerra concedes that the trial attorney's decision not to call Jordan Esguerra and Zachary Esguerra comported with the Sixth Amendment.  Docket Nos. 30 at 8-9, 35 at 37 n.5.   As to the next three, he notes that Day Smith is deceased and that Sam Mudge and Dan Smith still have not been contacted.  Docket No. 30 at 8.

[88]  Docket No. 31-1.

[89]  Docket No. 46-1 at 16 (pleaded guilty to giving false information to a peace officer concerning his identity while under arrest, detention, or investigation for a crime in violation of ALASKA STAT. § 11.56.800(a)(1)(B)(i)).

Second, the affidavit is inconsistent with what the state court was told: that Lucas was an alibi witness, not a character witness.[90] Third, Lucas does not claim to have extensive knowledge of Esguerra's parenting skills; instead, he claims only to have seen Esguerra with his children on a few occasions. This assertion has little, if any, probative value regarding whether Esguerra actually sexually abused his children in private. Fourth, the representation that Lucas does not remember contact with Esguerra's lawyers fails to demonstrate that he was not contacted, only that he has no memory of the contact. Indeed, the trial attorney's sworn recollection was that he directed his investigator to contact the witnesses to determine the potential usefulness of their testimony.[91] He averred that he "investigated [the] claims [about each witness and their] potential testimony and assessed each one as a potential witness."[92] He represented under oath that he confronted "Mr. Esguerra with the fact that each such witness had very negative aspects or implications to their potential testimony, including prior statements against Mr. Esguerra, which implicated Mr. Esguerra in the dealing and consumption of illegal drugs, lewd sexual behavior in front of one of the minor witnesses, and assaultive behavior toward one of the minor witnesses."[93]

Most importantly, Lucas's affidavit does absolutely nothing to contradict trial counsel's representation "that any positive benefit that may have accrued from each of the [six defense witnesses, including Lucas] at trial would . . . have been grossly and severely outweighed

---

[90] [Docket No. 35-5 at 5](#).

[91] *Id.* at 3.

[92] *Id.* at 4.

[93] *Id.* at 3, 4.

by the negative consequences of 'opening the door' to impeachment and rebuttal evidence, by the prosecutor, . . . against Mr. Esguerra."[94]

These facts, individually and in combination, demonstrate that Esguerra's expanded Sixth Amendment claim is not substantial. Accordingly, his procedural default cannot be excused.

## VII. CONCLUSION

The court concludes Esguerra's *de facto* amendments to his 28 U.S.C. § 2254 petition as set forth in his merit brief failed to comport with the technical requirements of Fed. R. Civ. P. 15. However, because the State Custodian has not been prejudiced, and because there is a preference to resolve disputed claims on the merits, the court will reach the merits of the claims presented in Esguerra's merit brief.

The court recommends that Esguerra's Amended 28 U.S.C.§ 2254 petition at Docket Nos. 12 and 30 be denied on the merits. His due process competency claim is procedurally defaulted and, in any event, lacks merit. His Sixth Amendment claim fails because he has not demonstrated that the state court resolution of the Sixth Amendment claim was contrary to, or involved, an unreasonable application of clearly established Supreme Court precedent, nor has he established that it was the result of an unreasonable determination of the facts in light of the evidence presented in the state proceeding. His expanded Sixth Amendment claim must be rejected for lack of exhaustion and because his procedural default cannot be excused.

---

[94] *Id.* at 3, 4.

For all these reasons, the court recommends that the District Court, after independent review, deny Esguerra's petition for writ of habeas corpus at Docket Nos. 12 and 30.

DATED this 2nd day of October, 2014, at Anchorage, Alaska.

/s/ Kevin F. McCoy
Kevin F. McCoy
United States District Court Judge

Pursuant to D. Alaska Loc. Mag. R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than the **CLOSE OF BUSINESS** on October 16, 2014. Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. *Miranda v. Anchondo, et al.*, 684 F.3d 844 (9th Cir. 2012). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation. *United States v. Howell*, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before the **CLOSE OF BUSINESS** on October 23, 2014. The parties shall otherwise comply with provisions of D. Alaska Loc. Mag. R. 6(a).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment. *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).